## Conwell *v.* Carithers.

It is the duty of the judge of the superior court to entertain and consider all causes which may be pending in that court, and at some time or other to determine and finally adjudicate or otherwise properly dispose of the same; but a mere failure or refusal of the judge of the superior court at a particular time to entertain and consider a pending motion, is not such action or such a final judgment thereon as is the subject of review by writ of error.

March 18, 1895. Brought forward from the last term. Code, §4271(a.-c).

Motion for new trial. Before Judge McWhorter. Elbert superior court. March term, 1894.

A trial at the March term, 1893, of the superior court, before Judge Guerry (presiding in lieu of the judge of the circuit), resulted in a verdict for the plaintiff. During the term defendant moved for a new trial, and took

an order reciting that the grounds of the motion had been approved by the court; continuing the motion to be heard at chambers on October 26, 1893; and providing, if the motion should not be heard at said time and place, that it be heard at such time and place as the judge might designate, giving counsel notice five days before the hearing, and that movant have until the hearing to present for approval and filing a brief of the evidence. Judge GUERRY resigned before the 26th of October; the motion was not heard on that day; and up to the March term, 1894, no time and place for hearing the motion were fixed by the judge of the circuit. At that term said judge passed an order declining to entertain and consider the motion, to which order movant excepted.

A. G. McCURRY and P. P. PROFFITT, for plaintiff in error.    J. N. WORLEY and J. P. SHANNON, *contra*.

SIMMONS, Chief Justice.

So far as appears, the motion for a new trial in this case is still pending in the court below. The judge did not dismiss it, but simply declined to entertain or consider it. Whilst it is the duty of the judge of the superior court to entertain and consider all cases which may be pending in that court, and at some time or other determine and finally adjudicate or otherwise properly dispose of the same, a mere failure or refusal of the judge at a particular time to entertain or consider a pending motion is not such action or such a final judgment thereon as is the subject of review by writ of error. The writ of error must therefore be dismissed. Code, §4250.                    *Writ of error dismissed.*